## ORMSBY *v.* TOWN OF GRANBY.

### *Deposition.*

When a party verbally agrees with the adverse party upon the time and place of taking a deposition, and the deposition is taken accordingly, without the attendance of the adverse party, and the party prepares and appears for trial, relying upon the use of the deposition, the adverse party cannot repudiate the agreement and object to the deposition for want of notice.

CASE for injury upon a highway. Plea, the general issue. Trial, March Term, 1875, Ross, J., presiding.

The defendant offered the deposition of Harriet Gleason, which was taken under the following circumstances : The plaintiff lives in Granby, and the only counsel he had employed up to the day of trial, was O. B. Boyce, Esq., who has resided since last fall in the town of Barre, Washington County. On Saturday, March 6, 1875, Loomis Wells, the defendant's agent for prosecuting and defending suits, told the plaintiff that he wanted to take the deposition of Mrs. Gleason, and that he could not be ready for trial at this term unless plaintiff would consent to the deposition being taken, and that he could not then lawfully take it. Plaintiff told him he ' might take it, but signed no agreement to that effect. Wells then told the plaintiff that he would take it at the house of Mrs. Gleason on the then next Tuesday, at 10 o'clock, to which the plaintiff made no objection. Wells took the deposition agreeably to the notice and understanding, and prepared the case, and came to court with the deposition and his witnesses for trial. Plaintiff

was not notified in any way other than as above, and testified that he was never told the time of day the deposition was to be taken, but only that it was ·to be taken on Tuesday, March 9th. Mr. Boyce did not come to Guildhall ·to court until Wednesday morning, March 10th, when he saw Wells and told him that he should object to the deposition. The court found the fact, after hearing the evidence on both sides, that the plaintiff agreed to the taking of the deposition as it was taken, with the understanding that the town might use it. The plaintiff objected to the admission of the deposition, but it was admitted, to which plaintiff excepted.

The caption stated that the deposition was taken " at the request of Loomis Wells," and that " the adverse party agreed to · the taking of the deposition as Loomis Wells says, but did not appear."

*O. B. Boyce,* for the plaintiff, contended that the caption did not show any notice known to the statute; that there was nothing to show that the plaintiff had any notice of the name or official character of the person before whom the deposition was to be taken; · that the deposition was taken during term time; and that, the plaintiff having denied agreeing to the taking, and there being no written agreement, the court erred in receiving parol testimony upon the question of notice.

———— ———, for the defendant.

The opinion. of the court was delivered by

BARRETT, J. The purpose to be served by the provision of the statute requiring notice to be given of the taking of depositions, is to give the adverse party reasonable opportunity to attend the taking, to the end that he may know what it may contain, and that he may cross-examine the witness. That purpose is fully served when the adverse party agrees with his adversary as to the time and place of such taking. As in this case, for the party to repudiate such agreement when the deposition had been taken according to the agreement, and the party taking it had prepared and

appeared for trial on the strength of such agreement, and had no notice of the going back on such agreement till the deposition was produced in evidence on the trial, would be bad faith, and an injury to the other party, by no means to be countenanced or tolerated. The doctrine of estoppel would have a salutary and unobstructed application in such case.

Judgment affirmed.